**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW ROUSH

    Petitioner,

v.                                    Case No. 16-11645

SHAWN BREWER,

    Respondent.
_____/

**ORDER TRANSFERRING PETITIONER'S MOTION TO VACATE JUDGMENT TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS PETITION**

This matter has come before the court on petitioner Andrew Roush's *pro se* "Motion to Vacate Judgment Due to Lack of Subject Matter Jurisdiction." (Dkt. # 1.)[1] The motion challenges Petitioner's 1997 conviction and life sentence for one count of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b. Petitioner claims that he has a history of psychiatric problems and that his constitutional right to a fair trial was violated because he was tried and convicted while incompetent. He maintains that there was no justification or legitimate excuse for the state trial court's failure to order a psychiatric evaluation and to conduct a competency hearing before trial.

**I. BACKGROUND**

A search of federal court records reveals that Petitioner challenged the same conviction for first-degree criminal sexual in a 2002 petition for the writ of habeas corpus

---

[1] The Clerk of the Court treated the motion as a habeas corpus petition and docketed it as such.

under 28 U.S.C. § 2254. Petitioner claimed in that habeas petition that: (1) the prosecution asked a pediatrician to examine the complainant almost three years after the alleged offense to bolster its case, and the trial judge deprived him of a fair trial by overruling defense counsel's objection to the doctor's hearsay testimony; (2) it was reversible error for the prosecution's doctor to testify that he believed the complainant was telling the truth and for the prosecutor to rely on that testimony in his closing argument; (3) defense counsel was ineffective for failing to make an adequate objection to the doctor's hearsay testimony and to the doctor's testimony that he believed the complainant had been sexually molested; (4) defense counsel was ineffective for not interviewing known witnesses; (5) defense counsel was ineffective for not discussing the case or any strategy with Petitioner; (6) defense counsel was ineffective for not performing any investigation or obtaining any documents before trial; (7) defense counsel was ineffective for not asking Petitioner to testify and for not explaining what "impeach" means so Petitioner could make an informed decision on whether to testify; (8) the combination of trial counsel's errors deprived Petitioner of effective assistance of counsel and a fair trial; (9) the trial court abused its discretion by allowing the prosecutor to recall his witness over defense counsel's objections; (10) the trial court did not prove that it had jurisdiction to try Petitioner; (11) the trial court did not have jurisdiction to try Petitioner; and (12) the trial court should have held an evidentiary hearing on Petitioner's claims about trial counsel. Petitioner later supplemented the habeas petition with a claim of ineffective assistance of appellate counsel.

     The district court initially dismissed several of Petitioner's claims for lack of merit and then conducted an evidentiary hearing on Petitioner's claims about trial counsel.

*See Roush v. Burt*, No. 02-CV-73281-DT, 2005 WL 6365795 (E.D. Mich. Jan. 18, 2005) (Cohn, J.). Following the evidentiary hearing, the court concluded that trial counsel was not ineffective, and the petition was denied. *See Roush v. Burt*, No. 02-CV-73281-DT, 2006 WL 2255499 (E.D. Mich. Aug. 7, 2006) (Cohn, J.). Petitioner appealed the decision, but the United States Court of Appeals for the Sixth Circuit affirmed. *See Roush v. Burt*, 313 F. App'x 754 (6th Cir. 2008). On May 26, 2009, the United States Supreme Court denied Petitioner's application for a writ of certiorari. *See Roush v. Burt*, 129 S. Ct. 2438 (2009).

Finally, on May 6, 2016, Petitioner filed the present motion to vacate judgment. As noted above, the Clerk of the Court treated the motion as a petition for the writ of habeas corpus.

## II. DISCUSSION

Petitioner has not cited a court rule as the basis for his motion, but he appears to be bringing his motion under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows a party to seek relief from a final judgment for several specified reasons and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A Rule 60(b) motion that seeks to add a new ground for relief and that asserts a claim of error in the movant's state conviction is, in substance, a successive habeas petition and should be treated accordingly. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 538 (2005). "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531 (citing 28 U.S.C. § 2244(b)(2)).

3

Petitioner's motion attacks his state conviction and asserts a new ground for relief. As such, his motion is a second or successive habeas petition. A habeas petitioner who seeks to file a second or successive habeas corpus petition must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010).

Petitioner did not acquire permission to file a second or successive petition, and because he filed his motion in this court without prior authorization from the Court of Appeals, the court must transfer the motion to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, IT IS ORDERED that the Clerk of the Court shall TRANSFER Petitioner's motion to the Court of Appeals for a determination of whether this court is authorized to adjudicate Petitioner's claim.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: June 13, 2016

---

[2] Section 1631 provides that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 13, 2016, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522