# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

ANDREW ROUSH,

    Petitioner,

v.                                                       Case No. 16-11645

SHAWN BREWER,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT

### I. INTRODUCTION AND BACKGROUND

This habeas corpus case initially came before the court on petitioner Andrew Roush's *pro se* "Motion to Vacate Judgment Due to Lack of Subject Matter Jurisdiction." The court construed the motion as a habeas corpus petition under 28 U.S.C. § 2254 because it challenged Petitioner's 1997 conviction and life sentence for one count of criminal sexual conduct in the first degree. Petitioner claimed in his motion that he had a history of psychiatric problems and that his constitutional right to a fair trial was violated because he was tried and convicted while incompetent. He maintained that there was no justification or legitimate excuse for the state trial court's failure to order a psychiatric evaluation and failure to conduct a competency hearing before his trial.

On June 13, 2016, the court transferred Petitioner's case to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas petition. The court noted that Petitioner had challenged the same conviction for first-degree criminal sexual in a prior petition for the writ of habeas corpus and that he had not acquired

permission from the Sixth Circuit Court of Appeals to file a second or successive petition, as required by 28 U.S.C. § 2244(b)(3)(A). Following the transfer, Petitioner sought authorization from the Sixth Circuit for this court to adjudicate the substantive merits of his competency claim. The Sixth Circuit denied Petitioner's request and returned his subsequent motion for a rehearing *en banc* without filing it because the Court of Appeals was prohibited from revisiting its decision. *See In re Andrew Roush,* No. 16-1819 (6th Cir. Jan. 12, 2017 and Jan. 26, 2017) (unpublished).

Currently before this court is Petitioner's motion for relief from this court's order transferring his case to the Sixth Circuit Court of Appeals. Petitioner alleges in his motion that he never intended his motion to vacate judgment to be filed as a habeas petition. Petitioner further alleges that the court erred by recharacterizing his motion to vacate judgment as a second or successive habeas petition without first giving him an opportunity to withdraw his motion or to show cause why the court should rule on the merits of his argument instead of transferring his case.

## II. DISCUSSION

Petitioner brings his motion under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Rule 60(b)(6), the particular provision under which [P]etitioner brought his motion, permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Id.* at 528-29.

> Relief under Rule 60(b) is the exception, not the rule, and [courts] are guided by the constraints imposed by a "public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Particularly strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief "only in exceptional or extraordinary circumstances" where principles of equity "mandate" relief. *Olie v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

*Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017).

As noted above, Petitioner titled his initial pleading in this case a "Motion to Vacate Judgment due to Lack of Subject Matter Jurisdiction." Although he did not use the term "habeas corpus" in his motion, "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,' " and "a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530.

Petitioner's motion to vacate judgment was the equivalent of a habeas corpus petition because it challenged his state conviction on the basis of a new claim that the state trial court failed to determine whether he was competent to stand trial. Petitioner was required to seek permission from the Sixth Circuit Court of Appeals before filing his pleading in this court because he previously filed a habeas petition that challenged the same conviction and was decided on the merits. 28 U.S.C. § 2244(b)(3)(A). Absent pre-authorization from the Court of Appeals, this court lacked jurisdiction to consider Petitioner's pleading. *Franklin*, 839 F.3d at 473 (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)).

Petitioner, nevertheless, contends that the court should have given him notice before recharacterizing his motion to vacate judgment as a habeas petition. In some circumstances, however, federal courts may ignore the legal label used by a *pro se* litigant and recharacterize a motion to place it within a different legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381-82 (internal and end citations omitted).

Furthermore, the rule prohibiting recharacterization of pleadings and requiring notice to the litigant applies when a *pro se* litigant's *first* pleading is recharacterized as something other than what the litigant labeled it. *See id.* at 383 (noting that the limitation on recharacterizing pleadings "applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion"). The *Castro* rule applies to pleadings recharacterized as habeas petitions under 28 U.S.C. § 2254. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004).

In this case, the court construed Petitioner's *second* challenge to his state conviction as a habeas petition. Further, the Sixth Circuit Court of Appeals has ruled that, when a prisoner files a second or successive habeas petition in the district court without prior authorization from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45,

---

[1] Section 1631 states that,

4

47 (6th Cir. 1997). The Sixth Circuit has not ordered district courts to give a prisoner an opportunity to be heard before the court transfers his case to the Court of Appeals as a second or successive petition.

Even if the court erred in transferring Petitioner's motion to vacate judgment to the Sixth Circuit without first giving Petitioner an opportunity to be heard on the subject, the Sixth Circuit has already denied Petitioner's motion for authorization to have this court adjudicate the merits of his claim. Thus, the alleged error in transferring Petitioner's initial motion to the Court of Appeals is a moot issue.

There is no exceptional or extraordinary circumstance justifying relief from judgment here. The motion for relief from judgment will be denied.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability is necessary before a prisoner may appeal the denial of a Rule 60(b) motion. *Johnson v. Bell*, 605 F.3d 333, 336, 339 (6th Cir. 2010). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show that reasonable jurists could debate whether the motion could have been resolved differently or that the claims raised deserve further review. *Johnson*, 605 F.3d at 339 (citing *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003)).

---

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

5

Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists could not debate whether his motion could have been resolved differently or whether his argument deserves further review.

## IV.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Petitioner's motion for relief from judgment (DKt. #6) is DENIED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue from the denial of Petitioner's Rule 60(b) motion for relief from judgment.


        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  January 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 26, 2018, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522